UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

MARK T. WARD,

            Plaintiff,

  v.

NANCY A. BERRYHILL, Acting Commissioner of Social Security,

            Defendant.

CASE NO. C16-1977-MJP

**REPORT AND RECOMMENDATION**

Plaintiff Mark T. Ward, the prevailing party in this Social Security disability appeal, moves under the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412, for an award of attorney's fees of $7,543.00. Dkt. 17. The Commissioner opposes the motion on the basis that it is time-barred. Dkt. 18. The motion has been referred to the undersigned United States Magistrate Judge. Dkt. 19. The undersigned finds that the motion is timely and recommends that the motion be **GRANTED**.

The EAJA permits the prevailing party in a case against a United States agency to seek attorney's fees within "thirty days of final judgment in the action." 28 U.S.C. § 2412(d)(1)(B). Final judgment for purposes of the EAJA means "a judgment that is final and not appealable." 28 U.S.C. § 2412(d)(2)(G). The Federal Rules of Appellate Procedure specify that when a United States agency is a party to a case, the judgment is appealable for 60 days after it is entered. Fed.

REPORT AND RECOMMENDATION - 1

R. App. P. 4(a)(1)(B)(ii).

Based on these time limits, the Commissioner asserts that "a party must seek fees between 60 and 90 days after the entry of judgment." Dkt. 18 at 2. In this case, the Court issued its judgment on October 24, 2017. Dkt. 16. The Commissioner calculates that the judgment became final 60 days later, on December 23, 2017, and Mr. Ward had until 30 days after that date, or January 22, 2018, to file his motion for EAJA fees. *Id.* Because Mr. Ward filed this motion on January 23, 2018, the Commissioner asserts, the motion is time-barred and the court must deny it. *Id.*

But simply counting 60 and then 30 days after entry of the judgment to determine whether a motion for EAJA fees is timely misses one key aspect of the definition of "final judgment." Under Rule 26 of the Federal Rules of Appellate Procedure, which governs the computing of any time period specified in those rules or in any statute that does not specify a method of computing time, if the last day of a period stated in days is a Saturday, Sunday, or legal holiday, the period continues to run until the next day that is not a Saturday, Sunday, or legal holiday. F. R. App. P. 26(a)(1)(C).

As the Commissioner calculated, 60 days after entry of judgment in this case was December 23, 2017. But what the Commissioner did not specify is that that day was a Saturday. Thus, the period for filing an appeal continued to run until the next day that was not a Saturday, Sunday, or legal holiday. Because the following Monday was December 25, 2017, a legal holiday, the period for filing an appeal ran until the following Tuesday, December 26, 2017. That was the date the judgment became final and the time period for filing a motion for EAJA fees began to run. Thirty days after that date was Thursday, January 25, 2018. Mr. Ward's motion, filed on Tuesday, January 23, 2018, was timely.

REPORT AND RECOMMENDATION - 2

Mr. Ward states in his reply that he did not file his motion on January 22, 2018, because of confusion over the government shutdown that occurred on that day. Dkt. 20. Because his motion was timely, the fact that he filed it on January 23 instead of January 22 is irrelevant.

The Commissioner did not object to awarding Mr. Ward EAJA fees for any other reason and did not object to the amount of fees Mr. Ward requested. The undersigned has reviewed Mr. Ward's motion and supporting declarations and the record, and finds that all conditions for an award of EAJA fees are met, including that the government's position was not substantially justified and there are no special circumstances that make an award under EAJA unjust, and that the amount requested is reasonable. The undersigned therefore recommends that Mr. Ward's motion for EAJA fees (Dkt. 17) be **GRANTED**.

A proposed order accompanies this Report and Recommendation. Any objection to this Report and Recommendation must be filed and served no later than **February 27, 2018**. If no objections are filed, the Clerk shall note the matter as ready for the Court's consideration on that date. If objections are filed, any response is due within 14 days after being served with the objections. A party filing an objection must note the matter for the Court's consideration 14 days from the date the objection is filed and served. Objections and responses shall not exceed six pages. The failure to timely object may affect the right to appeal.

DATED this 13th day of February, 2018.

_____
BRIAN A. TSUCHIDA
United States Magistrate Judge